(March 18, 2004)

■ In the Matter of ANTHONY RAMIREZ, Appellant, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent, et al., Respondent. [773 NYS2d 400]—

Judgment, Supreme Court, New York County (Herman Cahn, J.), entered December 11, 2002, which dismissed the petition brought pursuant to CPLR article 78 to annul respondent's determination, dated November 27, 2001, that there was no probable cause to believe that petitioner's former employer unlawfully discriminated against him, unanimously reversed, on the law, without costs, the petition granted, respondent's determination of no probable cause annulled, and the matter remitted to respondent agency for further investigation.

Because respondent agency failed to conduct a meaningful investigation of petitioner's pro se HIV-related employment discrimination complaint, there is no basis in the record for respondent's findings that petitioner's employer, Aladdin Laminating, Inc., provided legitimate, nondiscriminatory business reasons for its refusal to reinstate petitioner and that petitioner did not meet his burden to raise an issue as to whether the proffered reasons were pretextual.

There is not a scintilla of evidence in the administrative record before this Court, other than the employer's self-serving answer, which was prepared by its attorney, to support respondent's finding. Moreover, nothing in the unsworn answer

indicates the source of any of the supposedly factual allegations, which allegations were adopted virtually verbatim by respondent's investigator in her final report, which was the sole basis for respondent's determination. Nor are there any notes or other documents, in what respondent's counsel describes as "its complete investigatory case file," which support her allegation that petitioner, who was employed as a machine operator for four years prior to the events in issue, participated in two investigatory conferences, one over the telephone. Counsel's affidavit, which is based solely upon the investigatory file and does not even give the specific source of its allegations, fails to indicate any effort by respondent to verify, in any way, the hearsay allegations in the employer's answer.

As an example of petitioner's supposedly bizarre and disruptive workplace behavior during the latter part of 2000, at which time an affirmation from petitioner's physician indicates he was HIV positive and suffering from pneumonia with symptoms of dementia, counsel for the employer attached three letters in which, according to counsel, petitioner told his employer "that 'Mr. Genie' told him to write the various letters." This characterization was adopted verbatim by respondent's investigator and given credence by Supreme Court in its decision dismissing the petition. However, a reading of the letters, which refer to a lawsuit petitioner had apparently brought to recover money he allegedly was owed, reveals no such statement. The letters are signed by petitioner, followed underneath by "Mr. Genie Says So!," which is identified on the letterhead as his e-mail address.

This is not a case involving a questionable investigation. Here there was no meaningful investigation.

Accordingly, we reverse and grant the petition, annul respondent's determination of no probable cause, and remit the matter to respondent agency for further investigation so that there can be a proper determination as to whether there is probable cause to believe petitioner's complaint that respondent employer engaged in the unlawful discriminatory practice complained of. Concur—Buckley, P.J., Andrias, Saxe, Williams and Gonzalez, JJ.